UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUDRYN K. DOHERTY, FAUN DOHERTY, and EDWARD E. QUAM<br><br>**Plaintiffs,**<br><br>v.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC., a Delaware not-for-profit corporation, and RICHARD BERRY, Director of FINRA Dispute Resolution Services,<br>**Defendants.** | Civil Action No: 2:23-mc-88 |

## PLAINTIFFS' EMERGENCY MOTION FOR ORDER GRANTING TEMPORARY RESTRAINING ORDER

Plaintiffs Gudryn K. Doherty, Faun Doherty, and Edward E. Quam, by and through their undersigned counsel Attorney Frank C. Botta and the Lynch Law Group, LLC, hereby file this Emergency Motion ("Motion") pursuant to Rule 65 of the Federal Rules of Civil Procedure and LCvR 7 of the Local Rules of the United States District Court for the Western District of Pennsylvania, seeking a temporary restraining order enjoining Defendants, the Financial Industry Regulatory Authority, Inc., ("FINRA") and its Director of Dispute Resolution Services, Richard Berry ("Director Berry") from allowing the Arbitration Hearing in FINRA Arbitration No. 21-01865 (the "FINRA Action") scheduled for Monday, January 23, 2023, to proceed with Arbitrator Mackey as Public Chairperson. The grounds for this Motion are set forth herein.

### REQUEST FOR EMERGENCY RELIEF

Plaintiff submits that just cause exists to support its request for a Temporary Restraining Order. FINRA is attempting to proceed with hosting an Arbitration Hearing in the FINRA Action, which is scheduled to begin on the morning Monday, January 23, 2023. Plaintiffs (Claimants in the FINRA Action) filed their Motion to Request Arbitrator Recusal, or, in the alternative, Seeking Removal of Arbitrator by

Director ("Motion to Recuse") in the FINRA Action on January 12, 2023. In their Motion to Recuse, Plaintiffs noted that the Public Chairperson presiding over the FINRA Action, Mrs. Mary Mackey, J.D. ("Arbitrator Mackey") provided the Parties to the FINRA Action an updated Arbitrator Disclosure Report for Arbitrator Mackey (the "Disclosure Report"). A true and correct copy of the Disclosure Report is attached hereto as **Exhibit A**. In the Disclosure Report, Arbitrator Mackey reported that she has elected to accept an appointment as an arbitrator in an additional arbitration matter involving Morgan Stanley, concurrently with the FINRA Action. Notably, this disclosure was made less than two weeks before the Hearing in the FINRA Action was scheduled to commence.

On January 12, 2023, Plaintiffs filed their Motion to Recuse, noting the inherent conflict of interest presented by Arbitrator Mackey's election to participate in two matters involving the same Respondent, concurrently. In their Motion to Recuse, Plaintiffs sought relief in the form of Arbitrator Mackey's election to recuse herself from the Arbitration Panel in the FINRA Action, or, in the alternative, for Director Berry to remove Arbitrator Mackey from the Panel and replace her with a non-conflicted Arbitrator. A true and correct copy of Plaintiffs' Motion to Recuse is attached hereto as **Exhibit B**. Plaintiffs received no response to the Motion to Recuse from Arbitrator Mackey or Director Berry by January 17, 2023; with the scheduled hearing for the FINRA Action slated to begin in three business days, Plaintiffs then filed their Motion to Request Expedited Review of Claimants' Motion to Request Arbitrator Recusal, or, in the alternative, Seeking Removal of Arbitrator by Director ("Motion to Expedite") on January 17, 2023. A true and correct copy of Plaintiffs' Motion to Expedite is attached hereto as **Exhibit C**.

On January 20, 2023, Plaintiffs received notice from Arbitrator Mackey that she had elected to decline to recuse herself in response to the Motion to Recuse. A true and correct copy of the Order from Arbitrator Mackey denying the Motion to Recuse ("1st Denial Order") is attached hereto as **Exhibit D**. Soon thereafter on January 20, 2023, Director Berry circulated an Order midafternoon on January 20, 2023 to likewise deny Plaintiffs' Motion to Recuse. A true and correct copy of the Order from Director Berry

denying the Motion to Remove Arbitrator Mackey ("2nd Denial Order") is attached hereto as **Exhibit E**. The 2nd Denial Order states, in relevant part:

> Please note that the Director has denied the request for removal. The Director has determined that: Under Rule 12407(a), the Director will remove an arbitrator if it is reasonable to infer that the arbitrator is biased, lacks impartiality, or has a direct or indirect interest in the outcome of the arbitration. The interest or bias must be definite and capable of reasonable demonstration, rather than remote or speculative. In this matter, the Claimants' concerns as outlined in the motion papers are not definite or capable of reasonable demonstration. They are remote and speculative. Therefore, Arbitrator Mary Mackey, J.D. remains a member of the panel.

See: **Exhibit E**.

The 2ND Denial Order correctly restates FINRA Rule 12407. However, Director Berry's analysis completely ignores the tenets of FINRA's own guidance manual, the FINRA Dispute Resolution Services Arbitrator's Guide ("FINRA Guide"). A true and correct copy of Part Three of the FINRA Guide is attached hereto as **Exhibit F**. Part Three of the FINRA Guide states, under the heading "Avoiding Potential Conflicts":

> Upon accepting an appointment, arbitrators **should avoid entering into any financial, business or other relationship that is likely to affect impartiality or might reasonably create an appearance of partiality or bias. For example, an arbitrator should not accept any engagement involving a party while an arbitration case is pending, nor do so for a reasonable period of time after the case concludes.** Likewise, arbitrators should disclose previous cases for which they were retained that involved any party, counsel or witness in the current case.

See: **Exhibit F** (emphasis added).

Arbitrator Mackey and Director Berry's decisions fly in the face of FINRA's own guidelines. Stated plainly, Arbitrator Mackey's acceptance of an additional, concurrent FINRA arbitration matter involving Morgan Stanley is the consummate example of a "financial, business or other relationship that is likely to affect impartiality or might reasonably create an appearance of partiality or bias." Indeed, such a dual-commitment is **the very example FINRA promulgates as being unacceptable** ("for example, and Arbitrator should not accept any engagement involving a party while an arbitration case is pending"). *Id*.

The consequences of allowing the Arbitration proceedings scheduled to take place on January 23, 2023, are dire and greatly prejudicial for Plaintiffs as Claimants in the FINRA Action with the potential harm to Claimants unless the Court intercedes in having Arbitrator Mackey removed and an another Arbitrator appointed. Specifically, forcing Plaintiffs to proceed as Claimants in an arbitration proceeding chaired by a Public Chairperson who has accepted an arbitration appointment that creates a so brazenly obvious conflict of interest on her part, creates an overwhelming likelihood of bias and partiality in the Respondent Morgan Stanley's favor, to such an extent as to call into question the legitimacy of the entire Arbitration proceeding. Thus, the costs of participating in the Arbitration (travel, representation fees, expert fees, etc.) will amount to sunk costs, and the costs of any appeal of the decision(s) set down by a biased Chairperson are likewise made all but inevitable by allowing the January 23, 2023, Arbitration Hearing to proceed with Chairperson Mackey as the Panel's Chair. To allow this arbitration to proceed with even an appearance of impartiality, bias and an inherent conflict of interest caused by Arbitrator Mackey will result in undue harm to the Claimants.

WHEREFORE, the Plaintiffs respectfully request that the Court (i) grant the Motion and enter the proposed order enjoining FINRA and Director Berry from holding the hearing in the FINRA Action scheduled for January 23, 2023, and directing a rescheduling of the same for at least two weeks' time from the currently scheduled date while a new Chairperson is appointed, and (ii) provide such other relief which is just and equitable and (iii) waive any necessity of a bond.

Respectfully submitted,

By: _____
Frank C. Botta, Esquire
PA I.D. No. 52004
The Lynch Law Group, LLC
375 Southpointe Boulevard, Suite 100
Canonsburg, PA 15317
724-776-8000
724-776-8001 (fax)
***Counsel for Plaintiffs, Gudryn K. Doherty, Faun Doherty, and Edward E. Quam***

Date:  January 20, 2023

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused to be served a true and correct copy of the foregoing Plaintiffs' Emergency Motion for Order Granting Temporary Restraining Order upon the following parties via electronic mail, and via the Court's CM/ECF filing system on this 20th day of January, 2023:

**Financial Industry Regulatory Authority**
*Via service* agent: The Corporation Trust Company
1209 Orange Street, Wilmington, Delaware 19801
*Via email*: FINRA Case Administrator Ms. Elizabeth A. Muldoon, elizabeth.muldoon@finra.org

**Nicholas.Hernandez@morganstanley.com**
Nicholas J. Hernandez, Esquire
Morgan Stanley Legal and Compliance Division
444 S. Flower Street, 36th Floor
Los Angeles, CA 90071

**ParmeleeM@gtlaw.com**
Mark Paremelee, Shareholder
Greenberg Traurig, LLP
One North Lexington Avenue, Suite 800
White Plains New York 10601

**Daniel Todd Levine**
11582 East Ida Avenue
Englewood, CO 80111
(*last known address*)

Date: January 20, 2023

Respectfully submitted,

THE LYNCH LAW GROUP, LLC

By: _____
Frank C. Botta, Esquire
PA I.D. No. 52004
The Lynch Law Group, LLC
375 Southpointe Boulevard, Suite 100
Canonsburg, PA 15317
724-776-8000
724-776-8001 (fax)

*Counsel for Plaintiffs*